**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHAN BROOKS, an individual as Successor Trustee to the Sireaner Town Send Revocable Living Trust dated 6/22/2004 (irrevocable as of 2/12/2008); as Sole Beneficiary of the Sireaner Townsend Revocable Living Trust dated 6/22/2004 (irrevocable as of 2/12/2008), <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PACO-MICHELLE ATWOOD, Administrator of the Estate of Sherrell Atwood; et al., <br><br> Defendants-Appellees. | No. 17-55341 <br><br> D.C. No. 2:15-cv-07724-JFW-E <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Stephan Brooks appeals pro se from the district court's judgment dismissing his 42 U.S.C. §§ 1983 and 1985 action alleging federal and state law claims in connection with state probate proceedings and related litigation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction Brooks' claims seeking injunctive or declaratory relief because under the probate exception federal courts lack subject matter jurisdiction over pending state court probate matters. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) (under the probate exception, federal courts lack jurisdiction over probate matters).

The district court properly dismissed Brooks' claims under 42 U.S.C. § 1983 against the individual defendants involved with the state probate proceedings because Brooks failed to allege facts sufficient to establish that these defendants were acting under color of state law. *See Franklin v. Fox,* 312 F.3d 423, 444-45 (9th Cir. 2002) (tests for determining whether a private individual's actions amount to state action).

The district court properly dismissed Brooks' claims under 42 U.S.C. § 1985(2) because Brooks failed to allege facts sufficient to state a plausible claim for relief. *See Portman v. County of Santa Clara*, 995 F.2d 898,

17-55341

908-09 (9th Cir. 1993) (elements of a cause of action under 42 U.S.C. § 1985(2));

*see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se

pleadings are to be liberally construed, a plaintiff must present factual allegations

sufficient to state a plausible claim for relief).

The district court properly dismissed Brooks' claims against the state court

clerk defendants because these defendants were protected by absolute quasi-

judicial immunity. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir.

1987) (court clerks have absolute quasi-judicial immunity from damages for civil

rights violations when they perform tasks that are an integral part of the judicial

process).

We reject as without merit Brooks' contentions regarding the district court's

alleged bias and that Brooks was denied due process and equal protection in the

state probate proceedings.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-55341